IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JULIO VALDEZ,

                     Petitioner,                  Case No. 3:05 CV 7352
-vs-                                            3:00 CR 756-9

                                                     MEMORANDUM OPINION
UNITED STATES OF AMERICA,              AND ORDER

                    Respondent.

KATZ, J.

      Julio Valdez ("Valdez"), pro se, filed a motion styled "Motion to Modify, Correct an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2)." (Doc. No. 1402). The Clerk reflected the document as a motion to vacate or correct sentence under 28 U.S.C. § 2255, and opened a new civil case filing as captioned above. However, the Government originally responded as to the caption of the motion, 18 U.S.C. §3582(c)(2) on the <u>criminal</u> case docket; it has now filed a response incorporating those issues relating to a second or successive Section 2255 motion and that has been filed on the civil case docket. Petitioner has filed a reply. (Doc. No. 8). The Court will address both responses.

      Briefly summarized, Valdez was one of 36 defendants named in a 44 count indictment filed on September 2, 2000. He was charged in counts 1, 15 and 16. On August 30, 2001, Valdez, his attorney and the Government negotiated a plea agreement pursuant to which Valdez agreed to plead guilty to count 1 and the Government would dismiss counts 15 and 16 at sentencing. Included in paragraph seven of the plea agreement was an agreement and stipulation by Valdez

that he conspired to possess with intent to distribute at least 50 but less than 150 *kilograms* of cocaine resulting in a base offense level of 36. The agreement contained the standard waiver of right of appeal provision, including those under section 2255, with two exceptions not pertinent here.

Irrespective of the plea agreement, on November 13, 2001 Valdez moved to withdraw his plea, contending that he thought he had stipulated to 50 - 150 *grams* of cocaine, not kilograms. The government opposed that motion and the Court found, after a hearing, that Valdez did not meet his burden of presenting a fair and just reason to vacate his guilty plea. The Court noted that Valdez had not offered any explanation for the lapse of 75 days between his plea and his motion to withdraw that plea, and that there was nothing in the transcript of the plea hearing or in the recollection by this Judge of the content of the plea hearing which suggested that Valdez failed to understand the indictment and the nature of the plea agreement and its contents.

Valdez was sentenced at a level 36 less 3 levels reduction for acceptance of responsibility, with a Criminal History originally of VI, which the Court reduced to IV. He was sentenced by the Court within the applicable guideline range to 192 months followed by 5 years of supervised release.

Valdez filed a direct appeal and the Sixth Circuit affirmed both his conviction and sentence, noting that his plea was knowing and voluntary and that this Court's ruling refusing to allow him to withdraw that plea was warranted and that there was no ineffective assistance of counsel claim which would be considered on direct appeal. *See United States v. Valdez*, 362 F.3rd 902 (6th Cir. 2004).

2

Valdez timely filed his first motion to vacate sentence pursuant to Section 2255 on March 30, 2005. He again stated ineffective assistance of trial counsel and adds that his sentence violated both *Blakely* and *Booker* cases as well as *United States v. Shephard*, because the sentenced was enhanced based upon past criminal conduct. The Court denied Valdez' 2255 motion on June 10, 20205 and he filed a notice of appeal on June 20, 2005. This court issued its order denying a certificate of appealabiltiy on August 11, 2005 and the appeal is currently pending with the Sixth Circuit and reflected as Docket No. 05-3845.

The instant motion was filed on August 26, 2005. The Court will deny the motion under both Section 2255 and 18 U.S.C. § 3582(c).

Briefly stated, the Government has filed two excellent memoranda in which it has set forth a cogent and complete statement of the law regarding both sections under consideration here. After reviewing the same and completely reviewing Valdez' memoranda the Court finds that the motion to modify sentenced under § 3582(c) fails because the modification of a sentence due to amended guidelines is inapplicable to the case before us; the guideline that was used to determine his range was not specifically listed in Guideline Section 1B1.10(c). Effective November 1, 2002, Amendment 650 altered Guideline 2D1.1 in a method which would appear to benefit Valdez. However, the Amendment is not on the list of amendments found at Section 1B1.10(c) which are to be given retroactive effect. This Circuit has held that amendments specifically listed in that guideline have retroactive effect while amendments not listed are not to be applied retroactively. *See United States v. Dullen*, 15 F.3d 68, 70-71 (6th Cir. 1994). Amendment 640 did not become effective until November 1, 2002, 11 months after Valdez' sentence was imposed.

Since the Guidelines do not provide that the Amendment is to be given retroactive effect, he may not obtain a reduction of his sentence under that Amendment.

Additionally, Valdez never received a mitigating role adjustment under Guideline § 3B1.2, thus Guideline § 2D1.1(a)(3)'s offense level cap would not be triggered. He received no enhancements or reductions other than for acceptance of responsibility.

With respect to § 2255, nowhere in the record before this Court is there authority from the Court of Appeals for this Circuit authorizing Valdez to file a second § 2255 motion. Thus, this Court is without authority to entertain that motion under § 2255 because this Court has previously denied his initial motion under § 2255 and that matter is currently pending before the Sixth Circuit. Therefore, the instant motion would be construed as a second or successive 2255 motion. There being no authority in the record for the filing of such motion, this Court is without jurisdiction to entertain it and will dismiss it.

The Court is without authority to hear the claims of Valdez for his failure to obtain permission to file a second or successive petitioner under § 2255. Further, if this Court were to treat the motion under § 3582(c)(2) of Title 18, it is clear that Sentencing Guideline Amendment 640 is not retroactive and became effective well after Valdez was sentenced by this Court and that sentence did not include a mitigating role reduction upon which the cited amendment was based. Therefore, his request to reduce his sentence is denied.

IT IS SO ORDERED.

    s/ *David A. Katz*
    DAVID A. KATZ
    SENIOR U. S. DISTRICT JUDGE